[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
This case arises out of the tragic accident involving the crash of a Lifestar Helicopter in 1992 on Interstate 91. In 1993 Rocky Mountain Helicopter filed a subrogation lawsuit for damage regarding the loss of the helicopter. The defendants named in the suit are Connecticut Light and Power, the Town of Meriden, the City of Middletown and several individuals, three of whom are members of the Westfield Fire Department (Westfield).
Westfield filed a motion requesting the court to cite in Hartford Hospital as a party defendant for apportionment purposes under so-called Tort Reform II, § 52-572h(c) of the General Statutes. Citing Baker v. Franco, 7 Conn. L. Rptr. 622, 624, I permitted Westfield to summon in Hartford Hospital as a party defendant for apportionment purposes but did not require Rocky Mountain to amend its complaint.
After the court's action Rocky Mountain confirmed that it was precluded from seeking recovery against Hartford Hospital for property damage to its helicopter under Rocky Mountain's Aircraft Liability Insurance Policy. Westfield does not appear to contest this assertion at least for the purposes of this motion.
In light of this, however, Rocky Mountain has now moved for reconsideration of my previous order allowing Hartford Hospital to be added as a party for apportionment purposes. CT Page 10174
The argument of Rocky Mountain is straightforward. The recognized vehicle for bringing parties into an action for apportionment purposes under § 52-572 (h) is § 52-102 of the General Statutes which, in relevant part, says a person (including, of course, a corporation) shall be made a party in a civil action if that person is necessary to completely determine or settle any question involved in the case.
 ". . .; provided no person who is immune from liability shall be made a defendant in the controversy." (Emphasis added in plaintiff's brief.)
Sec. 52-102 would appear to be the appointed mechanism for bringing in a party for apportionment purposes. It could be argued that this statute and its predecessors had been interpreted to permit joinder only where the party so joined was actually exposed to liability, cf., Patterson v.Kellog, 53 Conn. 38, 42 (1885), but § 52-102 was rewritten in 1987 when Tort Reform II was passed and that is when the proviso as to persons who are immune was added. Sec. 52-572h
itself doesn't explicitly provide a mechanism for joinder so § 52-102 appears to be the appropriate vehicle to bring a person in for apportionment.
Accepting this, Rocky Mountain can make the argument that since under the insurance policy Hartford Hospital is immune from liability to Rocky Mountain, Westfield should not be allowed to cite in the hospital. The plaintiff cites Espowood v.Springfield Terminal Railway Co., 9 Conn. L. Rptr. 547
(1993) and Ortiz v. Douglas, 9 Conn. L. Rptr. 61
(1993), also see Beaudry v. Board of Education,13 Conn. L. Rptr. 609, 611 (1995). In Espowood the plaintiff notes that it was held that an employer's immunity from liability under the Workers' Compensation Act barred apportionment under § 52-572h. Ortiz held the doctrine of parental immunity, see Dubay v. Irish,207 Conn. 518, 525 (1988), precluded any attempt by the defendants to cite in the plaintiff's father in a lawsuit brought in the child's behalf. Beaudry suggested but did not decide that a party immune under the Recreational Land Use Immunity Statute could not be cited in a case for apportionment purposes.
The difference between these cases and the one now before the court is that in the three cases cited the immunity status was conferred by statute or settled common law. Here the immunity, if CT Page 10175 properly so defined, arises from a contract between private entities, i.e., between the plaintiff who resists the hospital being joined for apportionment and the hospital, the very entity the defendants seek to have brought in for apportionment. I couldn't find any case that has specifically dealt with this issue. The statutes don't provide any guidance and I don't think the question can be resolved by looking up the meaning of the word "immune" in Webster's Third.
I think one way to resolve this problem is to examine the purposes behind Tort Reform II and the possible reasons, in light of that purpose, for adding the proviso to § 52-102 which bars the citing in of a person for apportionment who is immune.
The primary impetus behind tort reform was to ensure that even though a party was negligent it should not have to pay more than a proportionate share of any damages which would be determined by the percentage of its negligence in causing the damages.
Another set of considerations arose out of the fact that prior to tort reform it was generally the law that if you proximately caused another's injuries you had to pay for all those damages even if others, not sued, were also responsible for causing the harm. As between the plaintiff and the particular defendant this was thought to be fair enough because of the way in which "proximate cause" was defined. However, it was certainly true that the particular defendant actually sued could regard this as unfair vis-a-vis other persons not sued by the plaintiff who could have been so sued. Also, insofar as the plaintiff went after only a deep pockets defendant or could otherwise pick and choose the defendant, there was an added element of unfairness or perhaps perceived irrationality in the system providing for tort recovery. In light of these last mentioned considerations it was thought to be unfair to permit apportionment in situations where the plaintiff didn't have any option to sue a possibly liable defendant because that particular person was immune from liability. What this has to do with the explicit purpose of tort reform that defendants only pay a proportionate share of the damages is not clear and the tension between these separate motivations for Tort Reform II has led to much of the difficulty in applying the act.
If we examine then the separate reasons behind the act, certainly allowing Hartford Hospital to be cited in satisfies the CT Page 10176 aim of making defendants like the Westfield defendants only pay their proportionate share of damages. But Rocky Mountain can still argue that by not suing the hospital it wasn't picking and choosing at its whim whom to sue or not sue — it couldn't sue the hospital. Thus, the plaintiff would argue one of the prime reasons for permitting apportionment doesn't apply in this case and the legislature took account of that in amending §52-102 the same year it passed Tort Reform II.
But I have difficulty with an argument that would extend the concept of immunity for § 52-102 purposes to situations where immunity is not created by statute or the courts but by contractual arrangements between the parties. Of course I accept Rocky Mountain's argument that the insurance policy provision barring an action by it against the hospital wasn't done for purposes of manipulation or as the result of nefarious collusion against these individual firefighters. However, I do not so blithely accept the argument that the possible effect of this insurance contract upon third parties such as Westfield had to be regarded as unknown at the time of contracting. At the time of contract formation or while the contract ran these two corporations must be assumed to have known the laws of the jurisdiction in which they did business including the statutes and procedural rules permitting apportionment and joinder of parties for apportionment purposes. As was said on page 3 of its April 27, 1995 brief, the provision barring a claim by Rocky Mountain against the hospital was included in an "insurance policy purchased in accordance with its Master Agreement with Hartford Hospital." Exactly, and I don't think Rocky Mountain should in effect be allowed to use what is its cost of doing business, or better put, perhaps getting the hospital's business, to circumvent the legislative policy expressed in § 52-572h
that defendants only pay their proportionate share of damages. Also, the "immune" status of the hospital was created by private parties for either one or both of their financial advantage. Therefore, given the fact, as noted, that these sophisticated business entities knew or should have known our statutory law as expressed in § 52-572h, the perceived unfairness in permitting apportionment by bringing in parties the state statute or common law said couldn't be sued, is not an operative consideration — Rocky Mountain itself chose to enter into the contract barring suit against the hospital. The consequences of that decision should be borne by Rocky Mountain, not the Westfield defendants. The motion for reconsideration is denied. CT Page 10177
Corradino, J.